# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:11cr166 |
| | § | (Judge Crone) |
| MARSALIA LARAY SMITH (11) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Marcia Crone, the Court held a hearing on January 11, 2013, on Defendant's *pro se* Motion to Withdraw Plea Agreement (Dkt. #447). In his one-page motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge on July 20, 2012 (Dkt. #318).

### BACKGROUND

On August 11, 2011, Defendant was indicted in a one-count indictment. Count one charged Defendant with conpisracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846.

On July 16, 2012, Defendant appeared for a change of plea hearing before United States Magistrate Judge Amos Mazzant. Defendant pleaded guilty to count one of the indictment. On July 16, 2012, the undersigned entered his Findings of Fact and Recommendation on Guilty Plea. On July 20, 2012, United States District Judge Marcia Crone adopted the report, finding Defendant guilty of count one of the indictment.

On December 4, 2012, Defendant filed a *pro se* motion to replace counsel as well as a pro se motion to withdraw plea agreement (Dkt. #446, #447). After conducting a hearing, the Court permitted Defendant to represent himself and appointed standby counsel. On January 11, 2013, the

Government filed its response to the motion to withdraw (Dkt. #466). The Court also conducted a hearing on the motion on January 11, 2013.

.     **ANALYSIS**
**Standard of Review**

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing his plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted);*United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

## Discussion

In his motion, Defendant provides no reason for his desire to withdraw his plea. At his hearing, the Court questioned him regarding why he would like to withdraw his plea. Defendant answered that he did not have a reason other than he wanted to withdraw and take his chances at trial and that he does not now accept his agreed-upon sentence of 180 months. Defendant essentially has "buyer's remorse." Defendant did state that he understood everything at his plea hearing and was telling the truth.

**Defendant's Assertion of Innocence**

At the hearing, Defendant did not assert his innocence as to count one of the indictment.

In his plea colloquy with the Court on July 16, 2012, Defendant agreed to the statement of facts and that he was pleading guilty to the facts that he participated in a conspiracy to distribute 280 grams or more of cocaine base. Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 21 U.S.C. § 846. His failure to claim his innocence strongly favors denying his motion to withdraw.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On July 16, 2012, defendant pleaded guilty. On December 4, 2012, Defendant filed his motion to withdraw his plea. The Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. The Court examines the delay from the time defendant's plea of guilty was entered to the time of the filing of the motion for withdrawal. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 2009 WL 1565669 *3 (5th Cir. June 5, 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether defendant was denied close assistance of counsel. *Id.*

The question of whether defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* at *4. Defendant entered into a plea agreement with the Government. The plea agreement was signed by defendant and his counsel. Paragraph twelve of the plea agreement states that Defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation

4

provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel and he answered that he was. The Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment of 180 months if his Rule 11(c)(1)(C) was accepted, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. The Court also reviewed the plea agreement.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or made any promises other than what was contained in the plea agreement. Counsel indicated that Defendant was competent and able to cooperate with him and understood the

5

plea agreement. The Court had the government go over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited. After acknowledging the facts supporting his plea, defendant entered a plea of guilty to count one of the indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)(reviewing courts give great weight to the defendant's statement at the plea colloquy).

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

A withdrawal at this point would inconvenience the Court and cause a waste of judicial resources as well as cause prejudice to the Government.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that most of the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Plea Agreement (Dkt. #447) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of January, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE